IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Donna Latrice Williams, ) | |
| ) | Civil Action No. 6:09-3183-CMC-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the Commissioner's motion to dismiss the plaintiff's complaint. The defendant submits that the plaintiff did not commence this action within 60 days of receiving notice of the Commissioner's final decision and that there are no extraordinary circumstances present that would justify extending the 60-day period. The defendant filed the motion to dismiss on March 22, 2010, and the plaintiff filed opposition to the defendant's motion on March 25, 2010. The defendant filed a reply on March 30, 2010.

On June 17, 2009, an Administrative Law Judge ("ALJ") issued a decision denying the plaintiff's claim for benefits under Titles II and XVI of the Social Security Act. The ALJ's decision notified the plaintiff that she had the right to appeal the decision to the Social Security Administration's Appeals Council within 60 days after she received the ALJ's decision. In a letter dated October 2, 2009, the Appeals Council notified the plaintiff that it was denying her request for review and that she had 60 days to commence a civil action in the United States District Court. The ALJ's decision became the "final" decision of the Commissioner when the Appeals Council denied review. *See* 20 C.F.R. §§ 404.981, 416.1481; *see* Donald V. Ortiz decl. and exhibits. The notice also informed the plaintiff that

the agency would assume she received the notice within five days of the date of the notice, unless she could show she did not receive it within the five-day period. Taking the full five-day period into account, the plaintiff's deadline for commencing a civil action was no later than December 7, 2009. The plaintiff filed a complaint with the United States District Court for the District of South Carolina on December 9, 2009.

A claimant has 60 days after receipt of the Appeals Council's decision to file a civil action. The regulations state:

> Time for instituting civil action. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary. . . .

20 C.F.R. § 422.210(c).

In order for a claimant to file after the 60-day period has closed, she must show good cause as defined by the Administration's regulations. The regulations provide as follows:

> a) In determining whether you have shown that you had good cause for missing a deadline to request review we consider—
> (1) What circumstances kept you from making the request on time … b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations …
> (7) You did not receive notice of the determination or decision.

20 C.F.R. § 404.911.

The plaintiff submitted an affidavit in support of her opposition to the motion to dismiss. In her affidavit, the plaintiff testified that she did not actually receive the Appeals Council's denial until October 16, 2009, two weeks after it was mailed. During the time

2

period in question, she was staying with a dying relative in Denver, Colorado. As her Charleston, South Carolina, home remained her permanent address, her mail continued to arrive there. Her elderly mother was responsible for forwarding her mail to her at that time and was not always able to be prompt in doing so. During her time in Denver, the plaintiff also had trouble receiving her mail, and this also affected correspondence with her attorney (Williams aff.).

Here, the plaintiff has made a reasonable showing that she actually received notice of the Appeals Council's decision on October 16, 2009, two weeks after it was mailed. She filed this action two days late and within 60 days of receiving such notice. As the court stated in *Chiappa v. Califano*, 480 F. Supp. 856 (D.C. N. Y. 1979):

> [P]laintiff has presented a facially credible explanation for a later receipt than the regulations presume. Finally, plaintiff filed his complaint only five days late. While this fact would not excuse an untimely filing, however minimally late, it serves in the present circumstances to show that plaintiff was not sleeping on his rights, and makes his explanation somewhat more credible than it would have been if a much longer and less readily explained period had passed. Given the remedial nature of the statute, *Haberman v. Finch*, 418 F.2d 664 (2d Cir. 1969), and given the agency's authoritative construction making the sixty days period commence on receipt, the plaintiff here has made a "reasonable showing."

*Id.* at 857.

Based upon the foregoing, this court recommends that the Commissioner's motion to dismiss (doc. 10) be denied.

s/William M. Catoe
United States Magistrate Judge

April 12, 2010

Greenville, South Carolina

3