**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Donna Latrice Williams, ) | C/A No. 6:09-cv-3183-CMC-WMC |
| Plaintiff, ) | |
| v. ) | **OPINION & ORDER** |
| Michael J. Astrue, Commissioner ) of Social Security, ) | |
| Defendant. ) | |

Through this action, Plaintiff seeks judicial review of the decision of the Commissioner of Social Security denying Plaintiff's claim for Social Security benefits, pursuant to 42 U.S.C. § 405(g). The Commissioner moved to dismiss Plaintiff's complaint as untimely. The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) (D.S.C.). For the reasons stated below, the court declines to adopt the Report and grants the Commissioner's motion to dismiss.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). "[A]s part of its obligation to determine *de novo* any issue to which proper objection is made, a district court

is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992).

## DISCUSSION

**Background and Report.** As set forth in the Report, Plaintiff's deadline for filing a complaint was December 7, 2009, sixty-five days after the date of the Commissioner's October 2, 2009 notice of final decision. *See* 20 C.F.R. § 422.210(c) (stating that claimants must file complaints sixty days after receipt of the Commissioner's final decision, and allowing five days after the date of the decision to account for mailing time). Plaintiff filed her complaint two days after this deadline, on December 9, 2009. Plaintiff averred that she did not receive notice of the Commissioner's final decision until October 16, 2009, two weeks after it was mailed, because she was in Denver, Colorado caring for a seriously ill relative. *See* Dkt. No. 14-1 (Pl.'s Aff. ¶ 2). The Magistrate Judge concluded that Plaintiff's late complaint was nonetheless proper because Plaintiff showed good cause, as defined in 20 C.F.R. § 404.911, for missing the deadline. Report at 2-3. Accordingly, the Report recommends that the court deny the Commissioner's motion to dismiss.

**Objection.** On April 20, 2010, the Commissioner filed an objection to the Report. In the objection, the Commissioner's sole argument is that notice allegedly mailed to Plaintiff's *attorney* triggered the sixty-day period for filing a complaint. Thus, regardless of when *Plaintiff* received notice of the Commissioner's final decision, Plaintiff did not, in the Commissioner's view, have good cause to miss the December 7, 2009 deadline.[1]

---

[1] The Commissioner raised this argument before the Magistrate Judge, but only in reply to Plaintiff's objection to his motion to dismiss. *See* Dkt. No. 17 at 1. There is no briefing before the court from Plaintiff that discusses this issue, and Plaintiff has not sought leave to file a sur-reply to address this question.

**Good Cause.** Social Security Administration regulations set forth the sixty-day limitations period for bringing a civil action to challenge a final decision of the Commissioner on a SSI claim. These regulations note, however, that the limitations period "may be extended *by the Appeals Council* upon a showing of good cause." 20 C.F.R. § 422.210(c) (emphasis added). To determine whether a claimant has shown good cause for failing to file an action within the sixty-day time period, the Appeals Council considers several factors, including the circumstances surrounding the claimant's untimely filing. 20 C.F.R. § 404.911(a)(1).[2]

It is therefore the province of the Commissioner, not the district court, to apply 20 C.F.R. § 422.210(c) to determine whether a claimant had "good cause" for missing the filing deadline.[3] *See Bowen v. City of New York*, 476 U.S. 467, 480 & n.12 (1986) (noting that "Congress has authorized *the Secretary* to toll the 60-day limit" and citing 20 C.F.R. § 404.911) (emphasis added). For this reason, the court cannot adopt the Report's recommendation that the court find Plaintiff had "good cause" for failing to file her complaint within the sixty-day limitations period as defined by that regulation.

---

[2] Per Social Security Administration regulations, examples of circumstances that may constitute good cause include, *inter alia*, (1) claimant was "seriously ill and [was] prevented from contacting [the agency] in person, in writing, or through a friend, relative or other person," (2) "[t]here was a death or serious illness in [claimant's] immediate family," (3) claimant "did not receive notice of the determination of decision," and (4) "[u]nusual or unavoidable circumstances exist . . . which show that [claimant] could not have known of the need to file timely, or which prevented [claimant] from filing timely." 20 CFR 404.911(b).

[3] There is no evidence before the court indicating that Plaintiff ever petitioned the Commissioner for an extension of the sixty-day limitations period. Thus, while her circumstances may fit the definition of "good cause" as defined in 20 C.F.R. § 404.911, the Appeals Council – the only body authorized to toll the filing deadline under that regulation – has not had an opportunity to apply the standards set forth therein to her situation.

3

**Equitable Tolling.** As noted above, the court's standards for determining whether equity demands tolling of the sixty-day limitations period are distinct from the factors the Commissioner applies pursuant to 20 C.F.R. § 422.210(c). "[T]olling of the period of limitation will rarely be appropriate." *Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir. 1986). However, a court may equitably toll the sixty-day filing period "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Id.* at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319 (1976)); *see also Hyatt*, 807 F.2d at 380. Although the court may equitably toll the limitations under exceptional circumstances, "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Although Plaintiff has offered an explanation for her delay in filing her complaint, she has not shown that her circumstances were sufficiently exceptional to justify equitable tolling of the limitations period. *Cf. Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991) ("Equitable tolling might be appropriate in a situation . . . where the plaintiff was prejudiced by the lack of (or untimely) notice to his attorney. Equitable tolling might also arguably be appropriate if the Secretary violated his own regulations by failing to timely send notice to the attorney, at least if sufficient resultant prejudice were shown.").

In addition, Plaintiff has not yet petitioned the Commissioner for a good-cause extension of the December 7, 2009 deadline. Thus, it may not be appropriate for the court to equitably toll the limitations period at this stage, regardless of the circumstances surrounding Plaintiff's tardiness.

4

For these reasons, the court concludes that equitable tolling is not justified in this case.[4]

## CONCLUSION

For the reasons set forth above, this court declines to accept the Report and Recommendation and dismisses Plaintiff's claim without prejudice.[5]

**IT IS SO ORDERED.**

                                                  s/ Cameron McGowan Currie
                                                  CAMERON MCGOWAN CURRIE
                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 24, 2010

C:\Documents and Settings\Aws00\Local Settings\Temp\notes6030C8\~3235475.wpd

---

[4] In reaching this conclusion, the court does not offer an opinion on the Commissioner's argument that notice to Plaintiff's attorney triggered the sixty-day limitations period. The Fourth Circuit has not ruled on whether notice sent to claimant's attorney triggers the filing timeline. Other circuits have considered this question, but with mixed results. *Compare Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir.2003) ("[N]otice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period") *with Flores*, 945 F.2d at 111-13 (holding that, because the statutes and regulations governing the claimants' right to bring a civil action under the Social Security Act are phrased in terms of "the individual" and the "aggrieved party," "notice to the attorney is not a deciding factor in determining the period in which judicial review can be sought.").

[5] The court exercises its Rule 41(b) discretion to dismiss Plaintiff's claim without prejudice. *See* Fed. R. Civ. P. 41(b) ("*Unless the dismissal order states otherwise*, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.") (emphasis added); *Hines v. Barnhart*, 2006 U.S. Dist. LEXIS 923898 (E.D.N.C. 22006) (dismissing claim without prejudice where Plaintiff had failed to request waiver by the Commissioner). Thus, Plaintiff may refile her complaint if the Commissioner finds good cause to extend the limitations period in her case.